IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAURABH SAPPAL,<br><br>    Plaintiff,<br><br>v.<br><br>RENTDEBT AUTOMATED COLLECTIONS, LLC, AND OLYMPUS PROPERTY XI, LLC,<br><br>    Defendants. | Civil Action No: 4:21-cv-1383<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES,** SAURABH SAPPAL ("Plaintiff"), by and through his attorneys, the SHAWN JAFFER LAW FIRM, PLLC, for his Complaint against Defendants RENTDEBT AUTOMATED COLLECTIONS, LLC ("RENTDEBT"), AND OLYMPUS PROPERTY XI, LLC ("OLYMPUS"), for violations of 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA") and the Tex. Fin. Code Ann. § 292 et seq. of the Texas Debt Collection Act ("TDCA").

## JURISDICTION AND VENUE

1. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendants.

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

5. Plaintiff is a natural person residing in Harris County, Texas.

6. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

7. Plaintiff is allegedly obligated to pay a "Consumer Debt".

8. The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

### RENTDEBT AUTOMATED COLLECTIONS, LLC

9. Defendant RENTDEBT is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process on InCorp Services, Inc. at 815 Brazos, Suite 500, Austin, TX 78701.

10. Defendant RENTDEBT is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

11. Defendant RENTDEBT is a debt collector as defined under 15 USC §1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6).

### OLYMPUS PROPERTY XI, LLC

12. Defendant OLYMPUS can be served with process on SRA Management, LLC at 500 Throckmorton Street, Suite 300, Fort Worth, TX 76102.

13. Defendant OLYMPUS is a debt collector as defined under Tex. Fin. Code Ann. § 392.001(6) because OLYMPUS has engaged in direct or indirect debt collection against the Plaintiff in Texas.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

15. On or about October 18, 2019, Defendant OLYMPUS generated an incorrect statement of balance owed by Plaintiff to OLYMPUS's apartment complex, The Ranch at Shadow Lake ("RANCH"), which Plaintiff disputed. See incorrect account history statement at Exhibit A.

16. On or about November 15, 2019, Defendant RENTDEBT began reporting the account on Plaintiff's credit report.

17. On or about May 8, 2020, and notwithstanding Plaintiff's dispute that a debt was owed in the first place, Defendant OLYMPUS at RANCH admitted to Plaintiff that their system was at fault and updated the balance to $290.97 with Defendant RENTDEBT, the debt collector on behalf of OLYMPUS. Plaintiff made full payment that same day in complete satisfaction and with no remaining balance due. See corrected account history statement at Exhibit B and receipt of payment to RENTDEBT with no remaining balance at Exhibit C.

18. On or about October 17, 2020, Plaintiff obtained a preapproved mortgage loan at an interest rate of 2.99 percent (2.99%) with Quicken Loans LLC ("Quicken Loans") on the condition that the erroneous RENTDEBT account is removed from Plaintiff's credit report, otherwise the interest rate would be 3.625 percent (3.625%). See attached Exhibit D at pages 1-2.

19. Plaintiff disputed the account with all three credit reporting agencies: Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("TransUnion").

20. On or about October 21, 2020, Equifax responded to Plaintiff's dispute and updated the account to paid in full status but did not remove the account.

21. Plaintiff also disputed directly with RENTDEBT and RENTDEBT refused to cease furnishing the account information to the credit reporting agencies.

22. On or about November 5, 2020, Plaintiff had to move forward with the mortgage loan at the higher rate of 3.625 percent (3.625%) and closed on the property on or about November 12, 2020 for an additional total interest of $31,054.42.

23. As a result of Defendants' conduct, Plaintiff has suffered from paying an increased mortgage interest rate, credit denial, and a decreased credit score in addition to mental anguish, distress, and frustration.

## FIRST CAUSE OF ACTION
## THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq.* AS TO DEFENDANT RENTDEBT

24. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

25. RENTDEBT's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

26. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

> (a) The false representation of the character, amount, or legal status of any debt;
>
> (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and
>
> (c) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;
>
> **15 U.S.C. §1692e(2),(8) & (10).**

27. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including:

(a) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

28. For the aforementioned-reasons, Defendant RENTDEBT violated §1692(e) & 1692(f).

29. For these reasons, the Defendant RENTDEBT violated the FDCPA.

30. For these reasons, RENTDEBT is liable individually and jointly to Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT AS TO DEFENDANT RENTDEBT

31. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

32. RENTDEBT's debt collection efforts against Plaintiff violated various provisions of the TDCA.

33. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

(a) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; Tex. Fin. Code Ann. § 392.904(8); and

(b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.904(19).

34. For the aforementioned-reasons, Defendant RENTDEBT violated the TDCA.

35. For these reasons, RENTDEBT is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT AS TO DEFENDANT OLYMPUS

36. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

37. OLYMPUS's debt collection efforts against Plaintiff violated various provisions of the TDCA.

38. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector:

> (a) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; Tex. Fin. Code Ann. § 392.904(8); and

> (b) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.904(19).

39. For the aforementioned-reasons, Defendant OLYMPUS violated the TDCA.

For these reasons, OLYMPUS is liable to Plaintiff for actual damages, costs, and reasonable attorney's fees.

### DEMAND FOR TRIAL BY JURY

40. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from each Defendant as follows:

1. Award Plaintiff statutory damages up to $1,000 under the FDCPA from Defendant RENTDEBT;

2. Award Plaintiff actual damages under the FDCPA from Defendant RENTDEBT;

3. Award Plaintiff statutory damages not less than $100 under the TDCA;

4. Award Plaintiff actual damages under the TDCA;

5. Award Plaintiff injunctive relief under the TDCA;

6. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses under both the FDCPA and TDCA; and

7. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**DATED**: April 26, 2021

Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*                .
**Shawn Jaffer**
Texas Bar No. 24107817
Email: attorneys@jaffer.law
8111 Lyndon B Johnson Fwy, Suite 350
Dallas, Texas 75251
T: (214) 494-1871
F: (888) 530-3910
***Attorneys for Plaintiff Saurabh Sappal***